**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DR. RALPH D' SILVA, M.D.,** ) | |
| ) | |
| **Plaintiff,** ) | **2:07-cv-550** |
| **v.** ) | |
| ) | |
| **DR. PALECANDA CHENGAPPA, M.D.,** ) | |
| **and DR. NIRMALA CHENGAPPA, M.D.,** ) | |
| **his wife, DR. ELIF SONEL, M.D.,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are the following motions: MOTION FOR SUBSTITUTION

OF PARTY filed by the United States (Document No. 2), MOTION TO DISMISS WITHOUT

PREJUDICE filed by the United States (Document No. 4), MOTION TO DISMISS AND FOR

MORE DEFINITE STATEMENT filed by Defendant Palecanda Chengappa (Document No. 6),

and MOTION TO STRIKE OR, IN THE ALTERNATIVE, LEAVE TO FILE filed by Plaintiff

(Document No. 14).[1]

<u>Factual and Procedural Background</u>

This case was originally filed in the Court of Common Pleas of Allegheny County,

Pennsylvania.  The facts as set forth in the Complaint are:  Plaintiff is a physician who was

employed on a fee basis by the Veterans Administration (VA).  Defendant Sonel is his supervisor

---

[1]On the same day, Plaintiff filed a Second Brief regarding substitution of parties, without
waiting for the Court's permission to do so.  The Motion for Leave to File the Second Brief is
**GRANTED**, as it responds to a new issue raised in the United States' reply brief.

at the VA.  Defendant Nirmala Chengappa ("Mrs. Chengappa") is also a physician at the VA.
Defendant Palecanda Chengappa ("Mr. Chengappa"), also a physician, is her husband.  He is not
employed by the VA.

On July 30, 2006, Plaintiff and Dr. Sonel were on duty at the VA.  Sonel received a report
that D'Silva smelled of alcohol and ordered a blood test.  When the test showed a blood alcohol
level far above the legal limit, under procedures which D'Silva disputes, Dr. Sonel ordered
D'Silva to go home and called Mrs. Chengappa to report to the VA to fulfill D'Silva's duties.
After Mrs. Chengappa arrived at the VA, Dr. Sonel informed her of the allegation, the blood test
result, and that she had ordered D'Silva to go home.  Approximately one week later, on August
7, 2006, Mr. Chengappa contacted D'Silva and stated that his wife had told him of the July 30
incident and that this was not the first time there had been such complaints.  Thereafter, on
various and diverse occasions, Mr. Chengappa told people that Plaintiff had been drunk and
misbehaving at work.

D'Silva filed a complaint in the Court of Common Pleas of Allegheny County, alleging
numerous tort claims.  On behalf of Mrs. Chengappa and Dr. Sonel, the United States promptly
filed a Notice of Removal to this Court.  In addition, the United States filed a Certification of
Scope of Employment, in which the United States Attorney certified that at all times relevant to
the Complaint, Dr. Sonel and Mrs. Chengappa were employees of the United States and acting
within the scope of their employment.  The United States does not seek substitution on behalf of
Mr. Chengappa.

<u>Discussion</u>

The motions filed by the United States are interrelated.  First, the United States seeks to be substituted as a party in place of its employees.  Second, it asserts that the Plaintiff's claims must be governed by the Federal Tort Claims Act (FTCA), rather than Pennsylvania common law.  Third, the United States argues that the Complaint must be dismissed, without prejudice, for failure to exhaust the administrative remedies required by the FTCA.

1.      Substitution of Party

Plaintiff contests the substitution of the United States as a party.  While he acknowledges that the Certification of Scope of Employment is dispositive as to removal, D'Silva contends that the "scope of employment" issue cannot be resolved without an opportunity for targeted discovery.  The United States contends that Plaintiff has not met his burden to come forward with specific facts sufficient to justify discovery.

In *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992), the Court of Appeals established the guidelines for determining this issue:

> The scope certification is prima facie evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or to set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits. In the event that a substitution is set aside, the defendant may probably appeal under the collateral order doctrine.
> On the other hand, if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary. But the district court should ensure that both the discovery

3

and the hearing are circumscribed as narrowly as possible, although these are
matters within its discretion.

The United States cites several cases for the proposition that no discovery is necessary unless
Plaintiff comes forward with specific facts rebutting the Certification.  Pennsylvania has adopted
the three prong scope of employment test set forth in Restatement (Second) of Agency § 228: (a)
the conduct is of a kind the worker is employed to perform; (b) it occurs substantially within the
authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the
employer.  Plaintiff points to the following: that Dr. Sonel disclosed to Mrs. Chengappa that
Plaintiff was intoxicated at work, and the results of the blood test; that Mrs. Chengappa disclosed
that information to her husband; and that Mrs. Chengappa told her husband that this was not the
first time such complaints had been made.  Plaintiff contends in his Second Brief that the
conversations between Mrs. Chengappa and Mr. Chengappa occurred away from work while off-
duty.

Taking the facts alleged by Plaintiff as true, it is clear that Dr. Sonel was acting within the
scope of her employment at all times.  The alleged disclosure was made to a co-worker.  It was
certainly understandable and hardly inappropriate for Dr. Sonel to explain to Mrs. Chengappa (a
fellow physician) why she had been summoned to the VA on an emergency basis.  The
conversation occurred at the VA.  Dr. Sonel was working within her supervisory capacity and her
actions were actuated, at least in part, to serve the interests of the VA.  Accordingly, the United
States will be substituted as a party on behalf of Dr. Sonel.

The issue is not as clear-cut with respect to Mrs. Chengappa.  Plaintiff contends that the
alleged conversation with her husband occurred away from work and was not part of her job

duties.  Because Mr. Chengappa has no relationship to the VA, it is not apparent how disclosure of D'Silva's condition to him served the VA's interests.  *Schrob* contemplates narrowly-tailored discovery and a hearing, if necessary.  Accordingly, the Court will defer ruling on the Motion for Substitution as to Mrs. Chengappa.  The parties shall be permitted five weeks, until November 16, 2007, to conduct discovery, "circumscribed as narrowly as possible" to the question of whether Mrs. Chengappa was acting within the scope of her employment during the events at issue in this lawsuit.  On or before November 19, 2007, the parties shall jointly file a Status Report indicating their respective positions as to whether a hearing and/or additional briefs are necessary.  In summary, the  MOTION FOR SUBSTITUTION OF PARTY filed by the United States (Document No. 2), is **GRANTED IN PART as to Dr. Sonel AND DEFERRED IN PART as to Mrs. Chengappa.**

 

2.       Motion to Dismiss for Failure to Exhaust Administrative Remedies

The parties agree that, if the United States is substituted as a party, the FTCA applies and pursuant to 28 U.S.C. § 2675(a), there is a duty to exhaust administrative remedies.  Plaintiff does not challenge this step of the analysis, but rather, disputes whether the Defendants were acting within the scope of their employment.

For the reasons set forth above, the MOTION TO DISMISS WITHOUT PREJUDICE filed by the United States (Document No. 4) is **GRANTED IN PART as to Dr. Sonel AND DEFERRED IN PART as to Mrs. Chengappa.**

5

3.      Motion to Dismiss by Mr. Chengappa

This matter was removed based on the existence of a federal question, i.e., a claim under the Federal Tort Claims Act.  As determined above, that federal question has been dismissed as to Dr. Sonel for failure to exhaust administrative remedies.  Even if it is determined that Mrs. Chengappa was acting within the scope of her federal employment, such as to trigger jurisdiction in this Court, the necessary corollary of that finding will be dismissal of the claim against her, without prejudice, for failure to exhaust administrative remedies.  It is apparently undisputed that Plaintiff has not satisfied the FTCA prerequisites.  If Mrs. Chengappa is determined not to have acted within the scope of her federal employment, the FTCA will not be implicated.  Thus, as a practical matter, the only remaining claim(s) in this action will arise under state tort law between citizens of Pennsylvania.  Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  It is the Court's intention to remand the state law claim(s) as soon as the claim(s) over which it has jurisdiction have been dismissed.  Accordingly, the Court **DEFERS RULING** on the MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT filed by Defendant Palecanda Chengappa (Document No. 6).

4.  Motion to Strike or for Leave to File Second Brief

As noted above, the Court grants Plaintiff's motion to file a Second Brief.  Plaintiff also asks the Court to strike Defendants' Reply Brief.  This request is denied.  As the United States correctly points out, the Court's Policies and Procedures expressly permit the filing of reply

6

briefs without leave of court.  Accordingly, the MOTION TO STRIKE OR, IN THE

ALTERNATIVE, LEAVE TO FILE filed by Plaintiff (Document No. 14) is **GRANTED IN**

**PART as to leave for Plaintiff to file a Second Brief and DENIED IN PART as to the**

**motion to strike the Defendants' Reply Brief**.


SO ORDERED this 12th day of October, 2007.



BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge



cc:     James M. Herb, Esquire
        Email: herblaw@verizon.net

DR. PALECANDA CHENGAPPA, M.D.
        Noah Paul Fardo, Esquire
        Email: npf@pghfirm.com

DR. NIRMALA CHENGAPPA, M.D., his wife, AND DR. ELIF SONEL, M.D.
        Jessica Lieber Smolar, AUSA
        Email: jessica.smolar@usdoj.gov