**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DR. RALPH D' SILVA, M.D.,** | ) |
| | ) |
| **Plaintiff,** | )     **2:07-cv-550** |
| **v.** | ) |
| | ) |
| **DR. PALECANDA CHENGAPPA, M.D.,** | ) |
| **and DR. NIRMALA CHENGAPPA, M.D.,** | ) |
| **his wife, DR. ELIF SONEL, M.D.,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court are the following motions, on which the Court deferred ruling:

MOTION FOR SUBSTITUTION OF PARTY filed by the United States (Document No. 2),

MOTION TO DISMISS WITHOUT PREJUDICE filed by the United States (Document No. 4),

and MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT filed by Defendant

Palecanda Chengappa (Document No. 6).


<u>Factual and Procedural Background</u>

This case was originally filed in the Court of Common Pleas of Allegheny County,

Pennsylvania. The facts as set forth in the Complaint are: Plaintiff is a physician who was

employed on a fee basis by the Veterans Administration (VA). Defendant Sonel is his supervisor

at the VA. Defendant Nirmala Chengappa ("Mrs. Chengappa") is also a physician at the VA.

Defendant Palecanda Chengappa ("Mr. Chengappa"), also a physician, is her husband. He is not

employed by the VA.

On July 30, 2006, Plaintiff and Dr. Sonel were on duty at the VA. Sonel received a report

that D'Silva smelled of alcohol and ordered a blood test. When the test showed a blood alcohol level far above the legal limit, under procedures which D'Silva disputes, Dr. Sonel ordered D'Silva to go home and called Mrs. Chengappa to report to the VA to fulfill D'Silva's duties. After Mrs. Chengappa arrived at the VA, Dr. Sonel informed her of the allegation, the blood test result, and that she had ordered D'Silva to go home. Approximately one week later, on August 7, 2006, Mr. Chengappa contacted D'Silva and allegedly stated that his wife had told him of the July 30 incident and that this was not the first time there had been such complaints. Thereafter, on various and diverse occasions, Mr. Chengappa allegedly told people that Plaintiff had been drunk and misbehaving at work.

D'Silva filed a complaint in the Court of Common Pleas of Allegheny County, alleging numerous tort claims. On behalf of Mrs. Chengappa and Dr. Sonel, the United States promptly filed a Notice of Removal to this Court. In addition, the United States filed a Certification of Scope of Employment, in which the United States Attorney certified that at all times relevant to the Complaint, Dr. Sonel and Mrs. Chengappa were employees of the United States and acting within the scope of their employment. The United States does not seek substitution on behalf of Mr. Chengappa. The United States argues that the claims against Dr. Sonel and Mrs. Chengappa must be dismissed without prejudice, for failure to exhaust the administrative remedies required by the FTCA. On October 12, 2007, the Court issued a Memorandum Order which granted the pending motions in part and deferred ruling in part, and explained:

> This matter was removed based on the existence of a federal question, i.e., a claim under the Federal Tort Claims Act. As determined above, that federal question has been dismissed as to Dr. Sonel for failure to exhaust administrative remedies. Even if it is determined that Mrs. Chengappa was acting within the scope of her federal employment, such as to trigger jurisdiction in this Court, the necessary

corollary of that finding will be dismissal of the claim against her, without prejudice, for failure to exhaust administrative remedies. It is apparently undisputed that Plaintiff has not satisfied the FTCA prerequisites. If Mrs. Chengappa is determined not to have acted within the scope of her federal employment, the FTCA will not be implicated. Thus, as a practical matter, the only remaining claim(s) in this action will arise under state tort law between citizens of Pennsylvania. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. It is the Court's intention to remand the state law claim(s) as soon as the claim(s) over which it has jurisdiction have been dismissed.

The Court ordered a limited period for discovery. On December 11, 2007, the Court granted the motion by counsel for Plaintiff to withdraw his appearance and ordered Plaintiff to engage new counsel, or notify the Court of his intention to proceed pro se, on or before January 11, 2008. Plaintiff failed to comply with this deadline. Accordingly, on January 15, 2008, the Court issued an order lifting the stay, declaring Plaintiff to be pro se by default, and directing the parties to file a status report by January 31, 2008.

Counsel for Mrs. Chengappa reported that he was unable to contact Plaintiff and that Plaintiff had not responded to his inquiries. Defendant believes that Plaintiff has moved to Arizona. In a letter dated January 30, 2008, Plaintiff stated that he was "not in a position to represent myself."[1] Dr. D'Silva further indicated that he was "still in the process of finding an Attorney to represent me." Plaintiff did not respond, as ordered, on the question of whether additional proceedings were necessary on the narrow issue of whether Mrs. Chengappa was acting within the scope of her employment. It is apparent that no progress has been made in the

---

[1]This letter was sent to chambers via facsimile and does not contain contact information of any kind. The letter has been filed of record. The Court subsequently obtained a phone number and email address and was informed by Dr. D'Silva that mail sent to the Wexford, PA address would be forwarded to him.

litigation.

Discussion

        As explained in this Court's Memorandum Order dated October 12, 2007, this case does not belong in federal court. Even if Mrs. Chengappa was acting within the scope of her employment such as to trigger federal question jurisdiction, the parties agree that Plaintiff has failed to exhaust administrative remedies. Plaintiff has informed the Court that he is unable to proceed pro se, he has missed multiple deadlines for engaging counsel, and there is no indication that he will be able to do so. There is no reason for the Court to further defer its ruling on the pending motions or to retain jurisdiction over this matter. Accordingly, the motion to dismiss for failure to exhaust administrative remedies will be granted and this case shall be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

        McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DR. RALPH D' SILVA, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:07-cv-550** |
| **v.** | ) | |
| | ) | |
| **DR. PALECANDA CHENGAPPA, M.D.,** | ) | |
| **and DR. NIRMALA CHENGAPPA, M.D.,** | ) | |
| **his wife, DR. ELIF SONEL, M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

In accordance with the foregoing Memorandum Opinion, the MOTION TO DISMISS

WITHOUT PREJUDICE filed by the United States (Document No. 4) is **GRANTED**; and the

MOTION FOR SUBSTITUTION OF PARTY filed by the United States (Document No. 2), and

MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT filed by Defendant

Palecanda Chengappa (Document No. 6) are **DENIED AS MOOT**.  The clerk shall remand this

matter to the Court of Common Pleas of Allegheny County forthwith.

SO ORDERED this 5th day of February, 2008.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Dr. Ralph D'Silva
317 Scarlet Circle
Wexford, PA 15090
Email: ralphdsilva@yahoo.com
VIA U.S. MAIL and EMAIL

Noah Paul Fardo, Esquire
Email: npf@pghfirm.com